**In re Robert Chris WALKER, Debtor.**

**Robert Chris Walker, Appellant,**

v.

**Star USA Federal Credit Union, Appellee.**

Civ.A. No. 2:02–1191.
Bankruptcy No. 01–22380.
Adversary No. 01–0203.

United States District Court,
S.D. West Virginia,
at Charleston.

Sept. 24, 2003.

---

William W. Pepper, Pepper & Nason, Charleston, WV, for debtor/appellant.

James W. Lane, Jr., Charleston, WV, for appellee.

### MEMORANDUM OPINION AND ORDER

HALLANAN, Senior District Judge.

The above-styled matter is currently before the Court on appeal from a decision by the United States Bankruptcy Court for the Southern District of West Virginia, Pearson J., dated June 4, 2002. Judge Ronald G. Pearson entered a Final Order Dismissing Case in which the court granted Plaintiff's Motion to Dismiss Adversary Proceeding with prejudice and denied Defendant's Motion Requesting an Evidentiary Hearing or any other proceedings in this matter. Additionally, the Final Order Dismissing Case ordered, adjudged, and decreed that the Adversary Proceeding was dismissed with prejudice, each party to bear its own cost, and that there shall be no further proceedings held in this matter before the United States Bankruptcy Court for the Southern District of West Virginia.

Appellant Robert Chris Walker appealed the decision of the United States Bank-

ruptcy Court for the Southern District of West Virginia in a timely fashion and this appeal was assigned to the undersigned on October 2, 2002. On December 11, 2002, the Court entered an Order wherein it ordered Appellant to file its brief on or before January 15, 2003, Appellee Star USA Federal Credit Union to file its response brief within fifteen days after service of Appellant's brief, and Appellant to file its reply brief within ten days after service of Appellee's response brief. Having reviewed the parties' briefs and all law, both case and statutory, the Court is now prepared to issue its decision.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Appellant Robert Chris Walker ("Appellant" or "Debtor") filed a Chapter 7 Bankruptcy Petition on October 15, 2001, in the United States Bankruptcy Court for the Southern District of West Virginia. Additionally, Debtor filed with the Court the Schedules and Statement of Financial Affairs, in which Debtor stated that his total income for the year 2000 was $8,325.84. Thereafter, the Meeting of Creditors was held on November 9, 2001. Appellee Star USA Federal Credit Union ("Appellee" or "Star"), a creditor, filed an Adversary Proceeding against Debtor on December 7, 2001, pursuant to 11 U.S.C. § 523(a)(2).

Star's Complaint in the Adversary Proceeding alleged that on August 11, 2000, Debtor requested and received an increase of approximately $500.00 in his previously existing line of credit with Star, which had been established on January 5, 2000. (Compl. ¶¶ 4,6). The Complaint alleged that Debtor had represented to Star, both at the time of the January 5, 2000 loan application and at the August 11, 2000 increase in credit, that Debtor had a monthly income of approximately

$2,900.00. *Id.* at ¶¶ 5–6. Furthermore, the Complaint alleged that Debtor fraudulently misstated his monthly income as $2,900.00 per month, "when, upon information and belief, [Debtor] was not earning any income at the time of the loan application." *Id.* at ¶ 8. Therefore, Star maintained that "[p]ursuant to § 523(a), [Debtor's] indebtedness to Star, or at least the additional extension of credit Star made in August, 2000, should be excepted from the discharge because it was made on false pretenses, fraudulent misrepresentations by a fraudulent statement in writing, all of which [Star] relied upon in extending credit to [Debtor]." *Id.* at ¶ 9.

In response, in the Answer of Debtor to Complaint, although Debtor admitted the allegations that he had a monthly income of approximately $2,900.00 both in January, 2000, and August, 2000, Debtor denied the allegations that the debt should be excepted from the discharge. (Answer of Debtor to Compl. ¶¶ 1–2). Along with the Answer of Debtor to Complaint, Debtor filed Debtor's Motion for Attorney Fees Under Section 523(d). In said Motion, Debtor moved the Court for an award of attorney's fees pursuant to 11 U.S.C. § 523(d), alleging that the Adversary Proceeding was frivolous and that Star's position was not substantially justified in filing the Adversary Proceeding. (Debtor's Mot. for Att'y Fees Under Section 523(d) ¶¶ 1–2).

At some point, during the discovery process, Star received copies of Debtor's year 2000 W–2 forms and copies of his tax return. Although the parties dispute precisely when Star learned that the information filed in Debtor's bankruptcy paperwork was incorrect, they do not dispute that upon learning of the discrepancy between the financial information stated at

the time of both loans [1] and the financial information stated in the bankruptcy paperwork, Star moved the Court to dismiss the Adversary Proceeding. On May 15, 2002, the United States Bankruptcy Court for the Southern District of West Virginia, J. Pearson, held a hearing and denied Debtor's request for attorney fees after finding that Star's Complaint was substantially justified. This appeal followed.

## DISCUSSION

■ The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and it is a core matter under 28 U.S.C. § 157(b)(2)(A), (I) and (J). Additionally, venue is proper in the Southern District of West Virginia pursuant to 28 U.S.C. § 1409. Finally, "[f]indings of fact by the bankruptcy court in proceedings within its full jurisdiction are reviewable only for clear error and legal questions are subject to de novo review." *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir.1992) (internal citations omitted).

■ Appellant contends that the bankruptcy court erred in refusing to give Appellant an evidentiary hearing on the request for attorney's fees, made pursuant to 11 U.S.C. § 523(d), and in its decision that Appellee's Complaint was substantially justified and thus, the parties were responsible for their own costs and fees. Section 523(d) provides as follows:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and

such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d). "Section 523(d) is the codification of a congressional attempt to protect consumer debtors from groundless nondischargeability actions under § 523(a)(2) which are brought with the hopes of extracting a settlement or reaffirmation of a particular obligation." *First Deposit Nat'l Bank v. Stahl (In re Stahl)*, 222 B.R. 497, 504 (Bankr.W.D.N.C.1998) (citing H.R.Rep. No. 95–595 at 131 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6092). As the parties agreed that Debtor's obligation to Star should be determined to be dischargeable, the burden is on Star to prove that either its decision to file the Complaint in the Adversary Proceeding was substantially justified or that special circumstances exist that would make the award of attorney's fees unjust. *In re Stahl*, 222 B.R. at 504–05.

■ "The affirmative defense of substantial justification found in § 523(d) was patterned after the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), and courts, therefore, often look to cases interpreting the similar language found there [2]." *Parker et al. v. Grant (In*

---

1. Apparently, the $2,900.00 in monthly income represented that of the Debtor and his wife combined, a fact that was not disclosed at the time of the loans, but rather a fact that Star learned at some point during the discovery process.

2. EAJA provides, in pertinent part: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other

than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances*

*re Grant)*, 237 B.R. 97, 120–21 (Bankr. E.D.Va.1999). The Supreme Court has interpreted the term "substantial justification" as follows: "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Pierce v. Underwood*, 487 U.S. 552, 566, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The Supreme Court emphasized that "as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase [substantial justification] is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. at 2550. In the context of 11 U.S.C. § 523(d), the three criteria necessary to establish substantial justification at the time a complaint was filed are as follows: (1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *In re Grant*, 237 B.R. at 121 (citing *America First Credit Union v. Shaw (In re Shaw)*, 114 B.R. 291, 295 (Bankr.Utah 1990)).

As an initial matter, the Court does not find merit with Appellant's assertion that the bankruptcy court failed to conduct a hearing under § 523(d) on Appellant's claim for attorney's fees and costs. Upon review of the transcript of the May 15, 2002 hearing conducted in this matter, the Court finds that the bankruptcy court fully entertained the parties' respective positions on the issue of attorney's fees.

Debtor maintains that Star should never have filed the Adversary Proceeding for two reasons: (1) there was allegedly no fraudulent writing in the August 11, 2000 transaction, as required by 11 U.S.C. § 523(a)(2) and (2) Star allegedly would

*make an award unjust."* 28 U.S.C.

not be able to prove, pursuant to 11 U.S.C. § 523(a)(2), that it reasonably relied on financial information submitted by Debtor, as Star allegedly knew Debtor's accurate financial information contained in Debtor's W–2 forms. (Brief of Def./Appellant at 5).

In response, Star maintains that it was substantially justified in filing the Complaint in the Adversary Proceeding because it was entitled to rely upon the financial information submitted by Debtor in the Bankruptcy Petition filed October 15, 2001. (Resp. of Star USA Federal Credit Union to Appellant's Brief at 12–18). As previously mentioned, in the Bankruptcy Petition, Debtor submitted paperwork indicating that his year 2000 income was approximately $8,325.00, an amount that contrasted sharply with Debtor's representations in both the January 5, 2000 loan application and the August 11, 2000 increase in credit, wherein Debtor represented that he, personally, had a monthly income of $2,900.00. Additionally, Star contends that it was not responsible for information contained in a loan application in Debtor's file, for a loan that Star did not make, that indicated that Debtor and his wife earned a combined monthly income of $2,900.00. *Id.* at 12. Star emphasizes that the Answer of Debtor to Complaint admitted that Debtor *personally* earned a monthly income of $2,900.00 and that Star was entitled to rely on both the Answer of Debtor to Complaint and the information provided by Debtor in the underlying bankruptcy proceeding when filing the Complaint in the Adversary Proceeding. *Id.* at 12–18. For the aforementioned reasons, Star maintains that it was substantially justified in filing the Complaint in the Adversary Proceeding and thus, Debtor is not entitled to attorney's fees and costs.

§ 2412(d)(1)(A) (emphasis added).

 The Court finds that Star was substantially justified in filing the Complaint in the Adversary Proceeding, pursuant to 11 U.S.C. § 523(d), and thus, Debtor is not entitled to an award of attorney's fees and costs. The Court finds that a reasonable basis existed at law for the Complaint, a reasonable basis existed in truth for the facts alleged in the Complaint, and a reasonable connection existed between the facts alleged and the legal theory advanced.

The Court agrees with the bankruptcy court's finding that Star was entitled to rely on both the Answer of Debtor to Complaint and the paperwork filed by Debtor in connection with the underlying bankruptcy proceeding, as the aforementioned were filed under penalty of perjury. (Tr. at 17). The Court finds that, at the time the Complaint was filed, Star was substantially justified in relying on the discrepancy between Debtor's financial information as provided in the loan applications and the bankruptcy filings. As Judge Pearson stated in the May 15, 2002 hearing: "the debtor filed the schedules and statements that they filed under penalty of perjury and creditors are entitled to rely on that." *Id.* Judge Pearson went on to state that "[o]ftentimes, there are mistakes [in bankruptcy filings], but nonetheless, the Rules provide and the debtor has the responsibility to assert that the schedules have been reviewed, the information is accurate, and the debtor makes those representations under oath." *Id.* Finally, once Star obtained Debtor's year 2000 financial information and understood Debtor's intent to include his wife's income with his as part of the stated monthly income, Star moved the bankruptcy court to dismiss the Adversary Proceeding. For the aforementioned reasons, the Court finds that Appellee Star was substantially justified in filing the Complaint in the Adversary Proceeding.

## CONCLUSION

In conclusion, the Court finds that Appellee was substantially justified in filing the Complaint in the Adversary Proceeding, pursuant to 11 U.S.C. § 523(d), and thus, Appellant is not entitled to an award of attorney's fees and costs. Accordingly, the Court **AFFIRMS** the United States Bankruptcy Court for the Southern District of West Virginia's June 4, 2002 Final Order Dismissing Case.

The Clerk is directed to fax and mail a copy of this Memorandum Opinion and Order to all counsel of record and to publish a copy of this Memorandum Opinion and Order on the Court's website at http://www.wvsd.uscourts.gov.